IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JASON BLISS,                                  :
    Plaintiff,                                :
                                              :
    v.                                        :       CIVIL ACTION NO. 26-CV-3803
                                              :
LEHIGH COUNTY PROBATION, *et al.*, :
    Defendants.                               :

## MEMORANDUM

**HODGE, J.**                                                        **JUNE 26, 2026**

Plaintiff Jason Bliss, an inmate incarcerated at the Lehigh County Jail ("LCJ"), initiated this civil rights action by filing a *pro se* Complaint against Lehigh County Probation, Cheyenne Jackson, and Judge Rashad Santiago. Because Bliss has obtained three prior "strikes" and has not alleged an imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g), the Court will deny leave to proceed *in forma pauperis* and require that Bliss pay the full filing fee if he wishes to continue with the case.

## I.    FACTUAL ALLEGATIONS[1]

Bliss alleges he was wrongly arrested at his place of business for criminal trespassing in January 2026. (Compl. at 4.) As a result of the arrest, he is "now incarcerated for [a] violation of parole that does not exist" because he claims the charges were dropped at the preliminary hearing. (*Id*.) As relief, he requests "compensation for jail time" and the "jobs take[n] from the people involve[d]." (*Id*.)

---

[1] Bliss used the form civil rights complaint available to unrepresented litigants to file his Complaint ("Compl."). (ECF No. 2.) The factual allegations set forth in this Memorandum are taken from the Complaint.

## II.   STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence.  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted).  But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse.  *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996.  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Put more simply, under the PLRA, a prisoner with three prior "strikes" can proceed *in forma pauperis* only if he is in imminent danger of serious physical injury.  Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant."  *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

2

Accordingly, pursuant to § 1915(g), a prisoner, such as Bliss, who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *See Abdul-Akbar*, 239 F.3d at 310-11. A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

## III.   "THREE-STRIKE" ANALYSIS

### A.   Bliss Has Accumulated Three Strikes

The Court concludes that Bliss has accumulated at least three strikes for purposes of § 1915(g). In *Bliss v. Zimmerman*, No. 25-7173 (E.D. Pa.), Bliss filed a complaint while incarcerated at the LCJ. In an Order and accompanying Memorandum entered on February 20, 2026, this Court dismissed his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See id.* at ECF Nos. 9, 10. The dismissal of that case in its entirety as frivolous constitutes a strike under § 1915(g).

In *Bliss v. Lehigh County Parole*, No. 25-4808 (E.D. Pa.), Bliss filed a complaint while incarcerated at the LCJ. In an Order and accompanying Memorandum entered on October 29,

2025, this Court dismissed his complaint because it failed to state a claim and gave him an opportunity to amend his claims, which informed Bliss that failure to file an amended complaint would be understood as an intention to stand on his Complaint and would result in final dismissal of this case. *See id.* at ECF Nos. 11, 12. After Bliss failed to file an amended complaint, the Court entered an Order on February 19, 2026, dismissing his case with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See id.* at ECF No. 13. This Court's Order dismissing that case in its entirety for failure to state a claim constitutes a strike under § 1915(g).

In *Bliss v. Allentown Police Department*, No. 25-3622 (E.D. Pa.), Bliss filed a complaint while incarcerated at the LCJ. In an Order and accompanying Memorandum entered on October 17, 2025, this Court dismissed his complaint because it failed to state a claim and gave him an opportunity to amend his claims dismissed without prejudice, which informed Bliss that failure to file an amended complaint would be understood as an intention to stand on his Complaint and would result in final dismissal of this case. *See id.* at ECF Nos. 9, 10. After Bliss failed to file an amended complaint, the Court entered an Order on December 8, 2025, dismissing his case with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See id.* at ECF No. 11. This Court's Order dismissing that case in its entirety for failure to state a claim constitutes a strike under § 1915(g).

The Court also identified a fourth case that constitutes a strike under § 1915(g). *See Bliss v. PSP Fogelsville*, No. 25-5145 (E.D. Pa.).

### B.    Bliss Does Not Allege Imminent Danger

Because Bliss has accumulated three strikes, he is "out" and can no longer proceed *in forma pauperis* in a civil action unless he can show that he was in imminent danger of serious

physical injury at the time he brought his Complaint.  The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee.  *Ball*, 726 F.3d at 467.  It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)).  "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted).  Past dangers are not imminent.  *See Ball*, 726 F.3d at 467.  Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger.  *Id.*  Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*).  In other words, the claimed imminent danger must relate to the legal claims the prisoner pursues.  *Id*.; *see also Brown v. U.S. Dist. Ct., E. Dist*., No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things:  the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

The Court finds that Bliss's allegations do not meet the imminent danger standard of Section 1915(g).  Bliss does not explicitly assert that he is in imminent danger, nor do his allegations, when liberally construed, about his parole violation that resulted from his arrest rise to such a level.  Because there is no suggestion in any of his claims concerning imminent danger of serious physical injury at the time he brought this case, the Court finds that the imminent danger exception does not apply.

## IV.   CONCLUSION

Because Bliss is a "three-striker" who is prohibited from proceeding *in forma pauperis* in a civil action unless he is in imminent danger of serious physical injury at the time of filing, and since he was not in imminent danger when he submitted this Complaint, the Court will deny Bliss's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  Should Bliss desire to litigate his claims, he must pay the full filing fee in advance.  An appropriate Order follows, which gives Bliss an opportunity to pay the fees in the event he seeks to proceed with this case.[2]

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**KELLEY BRISBON HODGE, J.**

---

[2] If Bliss pays the filing fee, since he is a "prisoner" within the meaning of § 1915(h), the case is still subject to statutory screening pursuant to 28 U.S.C. § 1915A.